# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

William Smith,

                Petitioner,      Case No. 16-cv-10208

v.                               Judith E. Levy
                                  United States District Judge

Steven Rivard,

                                Mag. Judge Anthony P. Patti
                Respondent.

_____/

# OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS, DENYING MOTION TO APPOINT COUNSEL [10], DENYING MOTION FOR EXTENSION OF TIME TO FILE REPLY [7], AND DENYING MOTION TO STAY PETITION [12]

This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner William Smith was convicted after a jury trial in the Wayne Circuit Court of second-degree murder, MICH. COMP. LAWS § 750.317, and he was sentenced as a fourth-time habitual felony offender to a term of fifty to eighty years' imprisonment.

The pro se petition raises eight claims: (1) insufficient evidence was presented at trial to sustain Petitioner's conviction, (2) the

admission of gruesome autopsy photographs rendered Petitioner's trial fundamentally unfair, (3) a police officer impermissibly testified that a prosecution witness was truthful, (4) the verdict went against the great weight of the evidence, (5) an insufficient foundation was offered for admission of the autopsy photographs, (6) the admission of hearsay evidence rendered the evidence supporting the conviction insufficient, (7) the cumulative effect of trial errors violated due process, and (8) the prosecutor committed misconduct. The Court will deny the petition because the claims are without merit. The Court will also deny Petitioner a certificate of appealability and deny him permission to proceed on appeal in forma pauperis. Petitioner's motions for appointment of counsel and to stay his petition will also be denied.

## I.    Background

The Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

> Defendants' convictions arise from the fatal beating of 52–year–old Dale Glenn outside defendant McConer's Detroit home in the late evening of July 28, 2011. The prosecutor's theory at trial was that defendants Smith and McConer beat

Glenn because they suspected him of stealing. The prosecution's principal witness, DB, was sitting outside defendant McConer's house during the offense. According to DB, as Glenn was walking down the street, defendant Smith called him over. When Glenn approached, defendant Smith struck Glenn in the head with a 40–ounce beer bottle, causing Glenn to fall to the cement sidewalk. Defendant Smith then kicked and stomped Glenn several times in his head and face. Defendant McConer, who had been barbequing nearby, then walked over and joined in the assault by kicking Glenn in the lower part of his body. Both defendants stopped the beating because of oncoming cars. The defendants then carried Glenn across the street and left him in a vacant field. Glenn was discovered and taken to the hospital where he died on July 30, 2011, from blunt force head trauma. The defense theory for both defendants was that they were not involved in Glenn's death. Both defendants argued that DB, who admittedly had consumed 160 ounces of beer that evening, and the other prosecution witnesses were not credible. They were convicted and sentenced as outlined above and now appeal as of right.

*People v. Smith*, No. 309422, 2014 WL 1510056, at *1 (Mich. Ct. App. Apr. 15, 2014).

After he was sentenced, Petitioner filed an appeal of right. His appellate counsel filed a brief on appeal raising three claims:

I. Was Appellant denied due process when he was convicted of second-degree murder where the prosecutor failed to prove that his acts or encouragement, as either a principal or an

aider and abettor, caused the death, and because of these proof deficiencies must his conviction be vacated?

II. Did the judge deny Appellant a fair trial by admitting, over objection, two particularly gruesome autopsy photographs that were far more prejudicial than probative?

III. Was Appellant denied a fair trial by Sergeant McGinnis' "human lie-detector" testimony, in which he told the jury that eyewitness Darral Bolden was being truthful and was counsel ineffective for not moving for a mistrial?

Petitioner also filed a supplemental pro se brief raising the following claims:

I. Is the Defendant entitled to a new trial where witnesses testimony contradicts indisputable facts and defies realities?

II. Was the Defendant denied his due process rights where the probative force of photographs were substantially out weighed by the danger of unfair prejudice?

III. Did the trial court err in violation of the Defendants due process rights where insufficient evidence was presented at trial to sustain his conviction?

IV. The cumulative effect of errors.

V. Did the prosecutor violate Defendants due process rights by prodigious use of improper testimony and knowingly make improper comments to the jury in closing arguments?

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *Smith*, 2014 WL 1510056, at *17. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same claims as in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Smith*, 497 Mich. 1026 (2015) (table).

## II.  Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of claims raised by a state prisoner in a habeas action if they were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was contrary to or resulted in an unreasonable application of clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004); see also *Woods v. Etherton,* ___ U.S. _____, 136 S.Ct. 1149, 1152 (2016) (habeas relief precluded if state court decision is "not beyond the realm of possibility [from what] a fairminded jurist could conclude.")

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being

presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

## III.  Analysis

### A. Sufficiency of the Evidence

Petitioner's first, fourth, and sixth habeas claims challenge the sufficiency of the evidence to support his conviction. His first claim asserts that insufficient evidence was presented at trial to show that his acts, as either the principal or as an aider/abettor, caused the death of the victim. His fourth claim asserts that the verdict was "against the great weight of the evidence," warranting a new trial. And his sixth claim asserts that if inadmissible hearsay statements are subtracted from the evidence, then the remaining admissible evidence was insufficient to sustain his conviction.

A "daunting, doubly deferential standard of review" applies to a sufficiency-of-the-evidence inquiry on habeas review.  *Keys v. Booker*, 798 F.3d 442, 450 (6th Cir. 2015). First, a review "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Second, even if the reviewing court concludes that a rational trier of fact could not have found the petitioner guilty beyond a reasonable doubt, it "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id*.

As an initial matter, Petitioner erroneously claims that the Court must subtract out evidence that he argues should have been excluded as inadmissible hearsay. In assessing the sufficiency of the evidence the Court is required to weigh all of the evidence, even that evidence which was improperly admitted. See *Lockhart v. Nelson*, 488 U.S. 33, 38-39 (1988) (in assessing whether the evidence was sufficient for purposes of determining whether retrial is permitted under the Double Jeopardy Clause, court looks at all of the evidence admitted, even that which was improperly admitted); *Kowalak v. Scutt*, 712 F.Supp.2d 657, 681 (E.D. Mich. 2010). Accordingly, the Court is required to consider even the allegedly improperly admitted hearsay evidence in determining whether constitutionally sufficient evidence was presented to support the conviction.

Under Michigan law, to establish the crime of second-degree murder, the prosecution must prove: (1) a death, (2) caused by an act of the defendant, (3) committed with malice, and (4) without justification or excuse. *People v. Smith*, 478 Mich 64, 70 (2007). "Malice" is defined as "the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *People v. Goecke*, 457 Mich. 442, 464 (1998). Malice may be inferred from the use of a weapon, from circumstantial evidence, or from evidence that the defendant intentionally set into motion a force likely to cause either death or great bodily harm. *People v. Roper*, 286 Mich. App. 77, 84-86 (2009).

Petitioner's claim does not present a close question. According to Darral Bolden's testimony, Petitioner was the person who called the victim over from across the street just prior to the attack. When the victim leaned over the gate, Petitioner hit him with a forty-ounce glass bottle causing the victim to fall to the sidewalk. Bolden testified that Petitioner then started stomping and kicking the victim in the face. McConer then joined in the stomping of the victim.

According to Bolden, the beating lasted around three minutes. The victim was lying on the ground the whole time without defending himself as he was being kicked by Petitioner and McConer. The two men only stopped kicking the victim when cars drove down the street. After the cars passed, Petitioner and McConer dragged the victim across the street. Smith and McConer then returned to McConer's house. Bolden recalled Petitioner saying something about the victim deserving the beating for stealing.

According to the testimony of the medical examiner, the victim suffered multiple injuries to his head and right eye. The victim had fractures to the bones around the eye, and the eye itself was filled with blood and extruded from the socket. The victim's head had a continuous layer of hemorrhage under the scalp, indicating that many blows were inflicted. The victim also had numerous fractures to the skull, extensive injuries in the layer between the skull and the brain, and injuries to the right hemisphere of the brain itself. The cause of death was multiple blunt force trauma to the head.

Given the eyewitness testimony of Bolden and the testimony of the medical examiner, the jury was presented with sufficient evidence

to allow them to find beyond a reasonable doubt that Petitioner attacked the victim with any of the three versions of malice. Viewing the evidence most favorably to the prosecution, Petitioner intentionally incapacitated the victim by striking him with the bottle, and then he proceeded to stomp him to death by kicking him in the head for a period of minutes. Even on direct review, a court may not "reweigh the evidence, reevaluate the credibility of witnesses, or substitute [its] judgment for that of the jury." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). The state appellate court's conclusion that the evidence presented against Petitioner was sufficient to support his conviction was not unreasonable.

Petitioner argues that there was evidence presented that no glass was found in the victim's wound or on the sidewalk, that Boldin was examined with leading questions, and that McConer struck the fatal blows after the victim was dragged across the street. But these assertions ignore the standard requiring the Court to view the evidence most favorably to the prosecution while assuming that the jury resolved conflicts in the evidence in favor of the prosecution. *White v. Steele*, 602 F.3d 707, 709 (6th Cir. 2009). A habeas court must defer to the fact

finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

Finally, Petitioner's fourth claim makes the related argument that the "great weight of the evidence" was contrary to the verdict and entitles him to a new trial. This claim is a state-law evidentiary claim that is not cognizable on habeas review. *See Wainright v. Goode*, 464 U.S. 78, 84 (1983) (holding that only federal constitutional claims are cognizable on habeas review). Accordingly, none of Petitioner's claims concerning the sufficiency of the evidence provide a basis for granting habeas relief.

### B. Autopsy Photographs

Petitioner's second claim asserts that admission of exhibits from the medical examiner, depicting the condition of the victim's body and showing the extruded eyeball, were so inflammatory so as to render his trial fundamentally unfair in violation of due process.

The Sixth Circuit repeatedly has held that the introduction of graphic photographs of a victim's corpse in a murder case does not offend the Constitution when there is some legitimate evidentiary purpose for demonstrating the nature of the injuries. See, e.g., *Biros v.*

*Bagley*, 422 F.3d 379, 391 (6th Cir. 2005) ("The [state] court found, however, that the photographs were properly admitted as they demonstrated that Biros beat Engstrom rather severely and meticulously dissected her body with two different knives."); *Frazier v. Huffman*, 343 F.3d 780, 789 (6th Cir. 2003) ("The Ohio Supreme Court directly addressed this evidentiary issue, concluding that the multiple photographs 'were introduced during the coroner's testimony to illustrate the testimony,' that '[e]ach photograph presents a different perspective of the victim,' and that the photographs 'were used to illustrate' the nature of the encounter that immediately preceded Skiba's death.") (citation omitted); *Cooey v. Coyle*, 289 F.3d 882, 893 (6th Cir. 2002) (observing that "although the photographs were gruesome, they were highly probative").

Here, the photographs were relevant to illustrate the trial testimony regarding the extent of the victim's injuries and were relevant to demonstrate the degree of malice with which the assault was conducted. Certainly, the photographs in this case were less inflammatory than in *Biros*, where the Sixth Circuit upheld the admission of photographs depicting a victim's severed head, severed

breast, and severed body parts placed near the victim's torso. *Biros*, 422 F.3d at 391. Accordingly, Petitioner cannot establish a due process violation arising from admission of the photographs.

Petitioner's related fifth claim asserts that the prosecutor failed to offer a proper evidentiary foundation for admission of the photographs. As previously discussed, the Michigan Court of Appeals' resolution of this issue of state evidentiary law cannot be questioned by this Court. *Wainwright*, 464 U.S. at 84. The Sixth Circuit has repeatedly recognized that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (collecting cases). Thus, the Michigan Court of Appeals' determination that the photographs were admissible under the Michigan Rules of Evidence conclusively resolves this state law issue against Petitioner.

Petitioner's second and fifth claims therefore do not provide a basis for granting habeas relief.

### C. Admission of Testimony that Witness was Truthful

Petitioner's third claim asserts that his trial was rendered fundamentally unfair when a police officer testified that Bolden's statement to him was truthful.

The testimony in question occurred on cross examination of the police officer. When defense counsel questioned the officer about Bolden's statement that the bottle shattered when the victim was struck, he asked: "Of course, we never know if [Bolden] was telling the truth about that or not, do we?" The officer responded, "I believe he was." *Smith*, 2014 WL 1510056, at *12-13. This brief exchange, prompted by defense counsel's question during the course of a several-day long trial, did not render Petitioner's entire trial fundamentally unfair. *See, e.g.*, *Maldonado v. Wilson*, 416 F.3d 470, 477 (6th Cir. 2005) (holding that state appellate court's decision to uphold conviction, despite arguably erroneous admission on redirect of police officer's testimony that key prosecution witness passed "test" for truthfulness, was not contrary to or unreasonable application of federal due process law, in that statements implying truth testing do not render trial fundamentally unfair). This claim is without merit.

### D. Cumulative Error

Petitioner's seventh claim asserts that the cumulative effect of the alleged trial errors rendered his trial unfair. The claim is not cognizable. No United States Supreme Court precedent recognizes the cumulative error doctrine. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a court only may grant habeas relief based on a misapplication of Supreme Court law. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). Both because he has failed to demonstrate any errors to aggregate and because his claim depends on non-Supreme Court precedent, Petitioner is not entitled to habeas corpus relief on this ground. *Baze v. Parker*, 371 F.3d 310, 330 (6th Cir. 2004).

### E. Prosecutorial Misconduct

Petitioner's eighth and final claim asserts that the prosecutor committed misconduct. He alleges that the prosecutor improperly informed the jury that defense counsel was requesting Petitioner be convicted of the lesser crime of manslaughter, vouched for the credibility of her witnesses, appealed for sympathy for the victim, and indicated secret knowledge of Petitioner's guilt.

To be entitled to habeas relief on a prosecutorial misconduct claim, the petitioner must show that the prosecutor's conduct so

infected the trial so as to render the conviction fundamentally unfair. *Parker v. Matthews*, ___ U.S. ____, 132 S. Ct. 2148, 2153 (2012); *Gillard v. Mitchell*, 445 F.3d 883, 897 (6th Cir. 2006) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). If the misconduct was harmless, then as a matter of law, there was no due-process violation. See *Greer v. Miller*, 483 U.S. 756, 765 & n.7 (1987). In federal habeas, this means asking whether the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623, 637-38 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); see also *Fry v. Pliler*, 551 U.S. 112, 121-22 (2007).

With respect to the first allegation, immediately after the comment regarding manslaughter was made, a side-bar was held after which the trial court instructed the jury that the prosecutor's remark is "absolutely not accurate. [Defense counsel is] not asking anything." The court then directed the jury to disregard the remark. *Smith*, 2014 WL 1510056, *16. Jurors are presumed to follow their instructions. *United States v. Olano*, 507 U.S. 725, 740 (1993). Indeed, *Darden* itself contemplated that jury instructions could cure potential misconduct.

*See Darden*, 477 U.S. at 182 (finding significant that the trial court "instructed the jurors several times that their decision was to be made on the basis of the evidence alone, and that the arguments of counsel were not evidence"). The trial court's instruction here to disregard the comment cured any prejudice caused by the remark.

Petitioner's remaining allegations do not find support in the record. Nothing in the transcript indicates that the prosecutor expressed a personal opinion of Petitioner's guilt based on secret information. Her closing argument was based on the evidence presented at trial. The prosecutor's inferences about what happened derived from Bolden's description of the assault. Nor did the prosecutor play to the sympathies of the jury – her use of the autopsy photographs were relevant to show the brutal extent of the assault and supported her position that Petitioner acted with malice. There was no impropriety in any of the complained-of arguments, and this claim does not merit habeas relief.

### F. Motion for Appointment of Counsel

Petitioner filed a motion for appointment of counsel. The constitutional right to counsel in criminal proceedings provided by the

Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In this case, the Court has determined that none of Petitioner's claims merit relief, and therefore appointment of counsel would serve no useful purpose.

## IV.  Motion to Stay Petition

On February 27, 2017, Petitioner filed a motion to stay his petition so that he can return to the state court to exhaust claims regarding the scored of the sentencing guidelines by the trial court. (Dkt. 12.) A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber,* 544 U.S. 269, 276 (2005). Stay and abeyance is not available, however, where a petitioner's unexhausted claims are "plainly meritless." *Id.*at

277. The Court will deny the motion to stay the petition because Petitioner's unexhausted sentencing guideline claims cannot form the basis for granting future federal habeas relief. That is, his unexhausted claims would be "plainly meritless" on federal habeas review after he exhausts them in the state courts.

First, any argument that the sentencing guidelines were scored incorrectly under state law is not cognizable. A state trial "court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern," *Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). Consequently, Petitioner's allegation that the trial court incorrectly scored the offense variables of the state sentencing guidelines is not a cognizable claim. *Tironi v. Birkett,* 252 F. App'x 724, 725 (6th Cir. 2007).

As for Petitioner's Sixth Amendment claim, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *Alleyne v. United States,* ___ U.S. ____, 133 S. Ct. 2151, 2155 (2013). *Alleyne* is an extension of the

Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington,*542 U.S. 296 (2004), which held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

*Alleyne,* however, is inapplicable to Petitioner's case because it "dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range." See *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); see also *United States v. James,*575 F. App'x 588, 595 (6th Cir. 2014) (collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.' . . . It said nothing about guidelines sentencing factors. . . ."). Petitioner's claim concerns judicial findings that set the guideline range for his minimum sentence. The Sixth Circuit has ruled that *Alleyne* did not decide the question

whether judicial factfinding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. See *Kittka v. Franks,* 539 F. App'x 668, 673 (6th Cir. 2013) (unpublished).

Petitioner points to the fact that the Michigan Supreme Court relied on *Alleyne* in holding that Michigan's Sentencing Guidelines scheme violated the Sixth Amendment right to a jury trial. See *People v. Lockridge*, 498 Mich. 358 (2015). Petitioner cannot rely on a state court decision, however, to obtain federal habeas relief. The § 2254(d) standard of review prohibits the use of lower court decisions in determining whether a habeas petitioner's federal constitutional rights were violated. *Miller v. Straub*, 299 F. 3d 570, 578-579 (6th Cir. 2002).

"The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell,* No. 1:16-CV-206, 2016 WL 1068744, at *5 (W.D. Mich. Mar. 18, 2016). Accordingly, *Lockridge* cannot form the basis for granting any future federal habeas relief. Nor does it appear that the state courts will give Petitioner the benefit of that decision on post-conviction review. The Michigan Supreme Court made its holding in *Lockridge* applicable only to cases still pending on direct review.

*Lockridge*, 498 Mich. at 396. Petitioner's direct review ended on May 28, 2015, when the Michigan Supreme Court denied relief, and *Lockridge* was issued about two months later on July 29, 2015. The Court therefore denies Petitioner's motion to stay this case.

## V.     Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate whether the petition should have been resolved in a different manner because Petitioner's claims are completely devoid of merit. The Court will also deny permission to appeal in forma pauperis because

any appeal of this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3).

## VI. Conclusion

For the reasons set forth above, it is hereby ordered that:

The petition for a writ of habeas corpus is DENIED;

A certificate of appealability is DENIED;

Permission to appeal in forma pauperis is DENIED; and

Petitioner's motions for appointment of counsel (Dkt. 10), motion for extension to time to file a reply to the response (Dkt. 7), and motion to stay this petition (Dkt. 12) are DENIED.

IT IS SO ORDERED.

Dated: May 18, 2017     s/Judith E. Levy
Ann Arbor, Michigan    JUDITH E. LEVY
           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 18, 2017.

         s/Felicia M. Moses
         FELICIA M. MOSES
         Case Manager